## CIRCUIT COURT OF THE CITY OF RICHMOND

Allan D. Zaleski

v.

Judicial Inquiry and
Review Commission

June 29, 2004

Case No. CH03-1603-3

BY JUDGE T. J. MARKOW

The parties appeared for argument on the demurrer to the bill of complaint.

Proceeding under the Virginia Freedom of Information Act, plaintiff seeks disclosure of an advisory opinion given by Counsel to the Judicial Inquiry and Review Commission to a judge who verbally made the request and to whom a verbal opinion was given.

Plaintiff believes that counsel for the Commission was required to reduce the verbal request and answer to a written record. See *Supreme Court of Virginia Order Creating the Judicial Ethics and Advisory Committee*, Paragraph 37. He further argues that such a writing is a public record subject to disclosure under the Virginia Freedom of Information Act, Chapter 37 of Title 2.2 of the Code of Virginia.

Defendant, Judicial Inquiry and Review Commission, asserts that all such records are confidential and cannot be disclosed under Va. Code Ann § 17.1-913.

Section 17.1-913 of the Code provides in pertinent part:

All papers filed with and proceedings before the Commission ... shall be confidential and shall not be divulged by any person who (i) either files a complaint with the Commission, or receives such

complaint in an official capacity; (ii) investigates such complaint; (iii) is interviewed concerning such complaint by a member, employee, or agent of the Commission; or (iv) participates in any proceeding of the Commission or in the official recording or transcription thereof. . . .

The materials requested by the plaintiff are not "papers filed" before the Commission. The issue here is whether any record involved was the record of a "proceeding" before the Commission. If so, the paper is required to remain confidential. If not, the paper is subject to disclosure under the Freedom of Information Act.

"Proceeding" is not defined in the Statute nor in Supreme Court rules relating to the Commission.

In its order establishing the Judicial Ethics Advisory Committee, the Supreme Court provided that Commission counsel would serve the Advisory Committee and, under certain circumstances, could provide verbal informal opinions. Counsel is required to reduce that transaction to record. This is the material plaintiff seeks.

The Commission argues that a request for an advisory opinion is a proceeding within the meaning of Va. Code § 17.1-913.

"Proceeding" has been defined as "broad enough to cover any act, measure, step, or all steps in a course taken in conducting litigation, civil or criminal." *Sigmon v. Commonwealth*, 200 Va. 258 (1958), citing with approval *Words and Phrases*, vol. 34, p. 162. *Black's Law Dictionary* 7th ed., p. 1221, devotes more than half of a page to several definitions or characterizations of "proceeding." The most applicable here are:

1. The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and entry of judgment. 2. Any procedural means for seeking redress from a tribunal or agency. 3. An act or step that is part of a larger action.

The last of those definitions is more in keeping with the general understanding that a proceeding is more than a request for information such as is involved in this case. That concept is also embodied in the definition employed by the Supreme Court in *Sigmon v. Commonwealth, supra*.

Section 17.1-913 itself suggests this interpretation which provides that papers and proceedings shall not be divulged by a person who (i) files a complaint, (ii) investigates a complaint, (iii) is interviewed concerning a complaint or who (iv) participates in or who records a proceeding. Each of

these activities contemplates more than a question of Counsel and an answer. They contemplate activity such as that described above.

Guided by those principles and by the plain meaning of the word "proceeding," it is the opinion of this court that a judge's request of counsel for the Commission for an opinion regarding future conduct is not a proceeding. Any record made of such inquiry and answer is not confidential and is subject to disclosure under the Virginia Freedom of Information Act. No opinion is expressed regarding inquiries of past conduct as that is not before the court.

It is, therefore, ordered that the demurrer is overruled. The Commission is granted twenty-one days within which to further plead should it be so advised.